IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAIME L. HIGEL, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV261 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT R. FRAKES, and DENISE SCROBECKI, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made four claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner was the victim of prosecutorial misconduct because the prosecution breached the plea agreement by asking for a consecutive sentence.

Claim Two: Petitioner's guilty plea was not knowingly, intelligently, and voluntarily made.

Claim Three: Petitioner was denied effective assistance of trial counsel because Petitioner's attorney (1) failed to accurately relay the terms of the plea agreement; (2) did not review the presentence report with Petitioner; (3) did not get the sentencing agreement on the

                    record; (4) failed to file a motion to withdraw guilty plea; (5) failed to properly investigate the case and prepare a defense; (6) failed to file a motion to suppress evidence; (7) had a conflict of interest; and (8) failed to present Petitioner's character evidence.

Claim Four:    Petitioner was denied effective assistance of appellate counsel because Petitioner's appellate attorney (1) failed to raise ineffective assistance of counsel for failing to state the sentencing agreement on the record and (2) failed to petition the Nebraska Supreme Court for further review.

Liberally construed, the court preliminarily decides that Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

**IT IS THEREFORE ORDERED** that:

1.    Upon initial review of the Petition (Filing No. 1), the court preliminarily determines that Petitioner's claims are potentially cognizable in federal court.

2.    The clerk of the court is directed to mail copies of this Memorandum and Order and the habeas corpus petition to Respondents and the Nebraska Attorney General by regular first-class mail.

3.    By **November 25, 2016,** Respondents must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text:

November 25, 2016: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

    4.    If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

    A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

      F.      If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

5.    If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

      A.      By **November 25, 2016,** Respondents must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

      B.      No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

      C.      Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' brief. In the event that the designation of state court records is deemed insufficient by

        Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.     No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.     The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 26, 2016**: check for Respondents' answer and separate brief.

6.     No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 11th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge