IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAIME L. HIGEL,<br><br>                Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, and DENISE SCROBECKI,<br><br>                Respondents. | 8:16CV261<br><br>**MEMORANDUM AND ORDER**[*] |

    This matter is before the court on Petitioner Jaime L. Higel's Petition for Writ of Habeas Corpus ("habeas petition"). (Filing No. 1.) Respondents argue that the habeas petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). (Filing No. 9; Filing No. 13.) The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

    Petitioner was convicted of two counts of identity theft. (Filing No. 12-3 at CM/ECF p. 2.) The state district court sentenced Petitioner to five to six years' imprisonment for each count and ordered her to pay $2500 in restitution. (*Id.* at CM/ECF p. 4.)

---

    [*] This opinion contains hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

On August 13, 2014, the Nebraska Court of Appeals affirmed Petitioner's sentences of imprisonment but vacated her sentence of restitution and remanded the cause to the state district court with directions. (*Id.* at CM/ECF pp. 2, 11.) In an order entered November 10, 2014, the state district court spread the mandate of the Nebraska Court of Appeals and determined that Petitioner was unable to pay restitution. (Filing No. 12-4.) Petitioner did not appeal from that judgment. (*See* Filing No. 12-1 at CM/ECF p. 6.)

On February 2, 2015, Petitioner filed a motion for postconviction relief in the state district court. (*Id.*) The state district court denied Petitioner postconviction relief without an evidentiary hearing on June 16, 2015. (Filing No. 12-5 at CM/ECF pp. 1-4.)

On July 17, 2015, Petitioner appealed the state district court's order denying postconviction relief. (Filing No. 12-6; Filing No. 12-7.) The Nebraska Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction on August 13, 2015, because the affidavit filed in support of her motion to proceed in forma pauperis was not timely filed. (Filing No. 12-8; Filing No. 12-9.)

Petitioner filed her habeas petition on June 13, 2016. (Filing No. 1.) Respondents filed a Motion for Summary Judgment, brief in support, and the relevant state court records. (Filing No. 9; Filing No. 12; Filing No. 13.) Petitioner filed a brief in opposition to Respondents' Motion for Summary Judgment. (Filing No. 15.) Respondents filed a reply brief. (Filing no. 18.) This matter is now fully submitted for disposition.

2

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

Petitioner did not appeal after the state district court entered its judgment following remand from the Nebraska Court of Appeals.[1] The one-year statute of limitations began running on December 10, 2014, thirty days after the state district court entered its judgment. *See* Neb. Rev. Stat. § 25-1912(1) (West) (a defendant must file an appeal within thirty days after the district court enters its judgment); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (upon the expiration of the time for seeking direct review). On February 2, 2015, Petitioner filed a motion for postconviction relief, which tolled the statute of limitations. "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).

Generally, a state postconviction action remains pending during the appeal period. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002). Here, however, the statute of limitations remained tolled until June 16, 2015, when the state district court denied Petitioner's postconviction motion. The statute of limitations was not tolled during the appeal period, because the Nebraska Court of Appeals found the appeal untimely. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (holding that a

---

[1] *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (where state appellate court remands for resentencing, the limitations period does not begin until both the conviction and resentencing claims are final on direct review).

3

state postconviction application is "pending" during the interval between a lower court's adverse determination and the prisoner's filing of an appeal, "provided that the filing of the notice of appeal is timely under state law"). By the time Petitioner filed her motion for postconviction relief, a total of fifty-four days of the limitations period had already expired. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state postconviction relief is filed counts against the one-year period"). The statute of limitations began to run again on June 17, 2015. Petitioner did not file her habeas petition until June 13, 2016. Petitioner's habeas petition is untimely.

Petitioner argues that her postconviction appeal was timely filed pursuant to Fed. R. App. P. (4)(c) ("prison delivery rule") since she deposited her notice of appeal in the institution's internal mail system on July 13, 2015, and therefore, her habeas petition is timely. (Filing No. 15.) Whether Petitioner's postconviction appeal was timely filed is determined by state law, not federal law. In Nebraska, an appeal is taken by filing a notice of appeal with the required docket fee or a poverty affidavit in the office of the clerk of the district court within thirty days after the district court enters its judgment. *See* § 25-1912; *State v. Parmar*, 586 N.W.2d 279, 282 (Neb. 1998). Nebraska has declined to adopt the prison delivery rule. *See State v. Smith*, 834 N.W.2d 799 (Neb. 2013). The state district court entered its judgment denying Petitioner postconviction relief on June 16, 2015. Petitioner had until July 16, 2015, to file her notice of appeal and poverty affidavit *in the office of the clerk of the district court*. She did not file either in the office of the clerk of the district court until July 17, 2015. (Filing No. 12-6; Filing No. 12-7.)[2] Under Nebraska law, the Nebraska Court of Appeals correctly dismissed

---

[2] The Nebraska Court of Appeals dismissed Petitioner's postconviction appeal for lack of jurisdiction because, according to the court's order, only the

4

Petitioner's postconviction appeal for lack of jurisdiction. *See Parmar*, *supra* (a timely filed notice of appeal and docket fee or poverty affidavit are mandatory and jurisdictional).

Moreover, Petitioner is not entitled to equitable tolling because she has not demonstrated that she pursued her rights diligently or that some extraordinary circumstance prevented her from seeking habeas relief. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner waited nearly a year to file her habeas petition after the Nebraska Court of Appeals dismissed her postconviction appeal, and she has not argued that any circumstance, let alone an "extraordinary" circumstance, prevented her from seeking habeas relief.

For the foregoing reasons, the court will dismiss Petitioner's petition with prejudice.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his or her petition for writ of habeas corpus under § 2254 unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

---

poverty affidavit was untimely filed. However, as the Respondents note, this was clearly a scrivener's error as *both* the notice of appeal and poverty affidavit were untimely filed. In short, this error makes no difference to the disposition of this matter.

5

IT IS THEREFORE ORDERED that:

1. Respondents Motion for Summary Judgment ([Filing No. 9](#)) is granted.

2. Petitioner's habeas petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

3. The court will enter a separate judgment in accordance with this order.

Dated this 14th day of February, 2017.

                                        BY THE COURT:

                                        s/ *Richard G. Kopf*
                                        Senior United States District Judge